IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Janis Ricely, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) COMPLAINT FOR VIOLATION OF |
| | ) CIVIL RIGHTS AND THE FMLA |
| DuPage County | ) |
| Defendant. | ) |
| | ) JURY DEMANDED |

## JURISDICTION AND VENUE

1.  This is an action pursuant to the United States Constitution and the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act ("FMLA"). This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343, as well as supplemental jurisdiction under and by virtue of U.S.C. § 1367.

2.  Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.  Plaintiff, Janis Ricely ("Plaintiff" or "Ricely"), has fully complied with the procedural requirements of Americans with Disabilities Act and timely filed a charge for discrimination with the EEOC, received a right-to-sue letter from the United States Department of Justice, and timely brought this lawsuit within the applicable time period.

## PARTIES

4.  At all times herein mentioned, Plaintiff was employed by the Defendant, DuPage County until her termination.

5. At all times herein mentioned, Defendant, DuPage County is an employer subject to suit under the ADA and the FMLA in that Defendant is a public agency, in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Defendant DuPage County operates and maintains the DuPage County Health Department.

7. At all relevant times Plaintiff was an employee of the Defendant DuPage County. Plaintiff was employed as a counselor/therapist since 2008.

8. On or about November 20, 2014, Plaintiff personally discovered the death of her son under very traumatizing circumstances.

9. As a result, Plaintiff became psychologically disabled, as that term is defined under the ADA, as she was substantially limited in her ability to function in all domains including, without limitation, socially and occupationally.

10. Due to her disability, Plaintiff had been unable to work for a period of time beginning when she discovered the death of her son.

11. Beginning on or about November 25, 2014, Plaintiff began requesting FMLA time from her supervisors and Human Resources department to request FMLA. She was told she would get whatever time off she would need and that her supervisors indicated they would handle it. Human Resource personnel indicated that they would obtain FMLA paperwork for Plaintiff but they never obtained such paperwork for Plaintiff.

12. On or about December 15, 2014, Plaintiff again requested FMLA paperwork and finally received the paperwork.

13. On or about December 19, 2014, Plaintiff submitted FMLA paperwork, but was informed at that time that she had been terminated that morning.

14. Defendant's reason for Plaintiff's termination was pre-textual.

15. Defendant's reason for termination was that, in part, Plaintiff violated the Illinois Department of Financial and Professional Regulations, which was, in fact, not true.

16. The Defendant refused to accommodate or even discuss accommodating Plaintiff despite the fact that it had implicitly suggested accommodating Plaintiff, but then revoked any psychological assistance and/or accommodation despite the fact that the Defendant had such means of assistance and/or accommodation in place and available.

17. Plaintiff was in need of a short period of time off from her job so that she could receive treatment and recover from the trauma that she had undergone.

18. At all material times, Plaintiff performed her job according to his employer's legitimate expectations and would be able to continue to perform his job to his employer's legitimate expectations if her work restrictions were accommodated.

19. As a result of the acts above described Plaintiff has suffered significant emotional distress. She has had to seek and get mental health treatment and has suffered from several emotionally caused health problems resulting from the acts of the Defendant.

20. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

### COUNT I
### PLAINTIFF AGAINST DEFENDANT DISABLTY DISCRIMINATION AND FOR FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA

21. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

22. At all material times, Plaintiff was disabled as defined by and under the ADA as alleged above.

23. Plaintiff is a qualified person with a disability in that Plaintiff could perform the essential functions of her job with a reasonable accommodation.

24. Defendant was able to, but did not, provide a reasonable accommodation to Plaintiff by permitting the Plaintiff a brief time off of work and an opportunity to receive treatment to help with her psychological issues.

25. Such reasonable accommodation would not cause an undue hardship on Defendant, as Defendant was in a position to provide such accommodation and had done so for others in similar situations.

26. Further, the termination of Plaintiff was discriminatory in that she was terminated because of her disability.

27. The Defendant failed to engage in the required reasonable interactive process to determine what it could do to provide Plaintiff with a reasonable accommodation.

28. Defendant's actions, as described above, are in violation of the ADA as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation, and as noted above, fired Plaintiff on or about December 19, 2014.

29. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, suffered lost

benefits, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE FMLA**

30.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

31.     Under the FMLA, Plaintiff was entitled to twelve workweeks of unpaid leave during any twelve-month period for her own serious medical condition if she had worked at least 1,250 hours for the previous 2 months with Defendant.

32.     Plaintiff met the qualifications as described in the preceding paragraph.  As of the date Plaintiff's requested FMLA leave she had worked for Defendant for more than twelve months, worked more than 1,250 hours in the previous twelve months for Defendant, and was in need of leave to care for her serous medical condition

33.     Plaintiff was entitled to the FMLA leave she used, as described above.

34.     While employed by Defendant, Plaintiff met all of Defendant's legitimate expectations.

35.     Plaintiff was not a key employee, as that term is defined by the FMLA.

36.     Despite the fact that Plaintiff was eligible for and had requested FMLA time off she was denied this time, despite meeting the criteria for FMLA time off.

37.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, lost benefits, the indignity of discrimination, which has manifested in emotional distress, and further has

negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Janis Ricely, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages, including but not limited to lost wages, lost benefits and emotional distress, in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: <u>Edward M. Fox</u>
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com