IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Janis Ricely, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 16 cv 08002 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| DuPage County Health Department, | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |
| | ) | |

**AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This is an action pursuant to the United States Constitution and the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act ("FMLA"). This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343, as well as supplemental jurisdiction under and by virtue of U.S.C. § 1367.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Janis Ricely ("Plaintiff" or "Ricely"), has fully complied with the procedural requirements of Americans with Disabilities Act and timely filed a charge for discrimination with the EEOC, received a right-to-sue letter from the United States Department of Justice, and timely brought this lawsuit within the applicable time period.

**PARTIES**

4. At all times herein mentioned, Plaintiff was employed by the Defendant, DuPage County Health Department until her termination.

5. At all times herein mentioned, Defendant, DuPage County Health Department, is an employer subject to suit under the ADA and the FMLA in that Defendant is a public agency, in an industry affecting commerce and had 50 or more employees within 75 miles of Plaintiff's worksite, in each of 20 or more weeks in the current or preceding calendar year.

**FACTUAL ALLEGATIONS**

6. The DuPage County Health Department is charged with the promotion of physical and emotional health and has responsibility for the public health in DuPage County.

7. At all relevant times Plaintiff was an employee of the Defendant DuPage County Health Department. Plaintiff was employed as a counselor/therapist since 2008.

8. On or about November 20, 2014, Plaintiff personally discovered the death of her son under very traumatizing circumstances.

9. As a result, Plaintiff became psychologically disabled, as that term is defined under the ADA, as she was substantially limited in her ability to function in all domains including, without limitation, socially and occupationally.

10. Due to her disability, Plaintiff had been unable to work for a period of time beginning when she discovered the death of her son.

11. Beginning on or about November 25, 2014, Plaintiff began requesting FMLA time from her supervisors and the Defendant's Human Resources department. She was told she would get whatever time off she would need and that her supervisors indicated they would handle it. Human Resource personnel indicated that they would obtain FMLA paperwork for Plaintiff but they never obtained such paperwork for Plaintiff.

12. On or about December 15, 2014, Plaintiff again requested FMLA paperwork and finally received the paperwork.

13. On or about December 19, 2014, Plaintiff submitted FMLA paperwork, but was informed at that time that she had been terminated that same morning.

14. Defendant's reason for Plaintiff's termination was pre-textual in that they terminated Plaintiff because of her disability.

15. Defendant's reason for termination was that, in part, Plaintiff violated the Illinois Department of Financial and Professional Regulations, which was, in fact, not true.

16. At all material times, Plaintiff performed her job according to his employer's legitimate expectations.

17. As a result of the acts above described Plaintiff has suffered significant emotional distress. She has had to seek and get mental health treatment and has suffered from several emotionally caused health problems resulting from the acts of the Defendant.

18. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR DISABLITY DISCRIMINATION IN VIOLATION OF THE ADA

19. Plaintiff re-alleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

20. At all material times, Plaintiff was disabled as defined by and under the ADA as alleged above.

21. Plaintiff is a qualified person with a disability.

22. The termination of Plaintiff was discriminatory in that she was treated differently than similarly situated other persons in the terms and conditions of her employment and she was terminated because of her disability.

23. Defendant's actions, as described above, are in violation of the ADA in that Defendant discriminated against Plaintiff in the terms and conditions of her employment, which discrimination included but was not limited to, refusing to grant Plaintiff FMLA leave. As noted above, Defendant also discriminated against Plaintiff by wrongfully terminating her, for pretextual reasons, on or about December 19, 2014.

24. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, suffered lost benefits, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE FMLA

25. Plaintiff re-alleges and incorporates paragraphs one (1) through sixteen (16) and eighteen (18) as though fully set forth at this place.

26. Under the FMLA, Plaintiff was entitled to twelve workweeks of unpaid leave during any twelve-month period for her own serious medical condition if she had worked at least 1,250 hours for the previous 2 months with Defendant.

27. Plaintiff met the qualifications as described in the preceding paragraph. As of the date Plaintiff's requested FMLA leave she had worked for Defendant for more than twelve

months, worked more than 1,250 hours in the previous twelve months for Defendant, and was in need of leave to care for her serous medical condition

28. Plaintiff was entitled to the FMLA leave, as described above.

29. While employed by Defendant, Plaintiff met all of Defendant's legitimate expectations.

30. Plaintiff was not a key employee, as that term is defined by the FMLA.

31. Despite the fact that Plaintiff was eligible for and had requested FMLA time off she was denied this time, despite meeting the criteria for FMLA time off.

32. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, lost benefits, and has suffered other damages in an amount to be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Janis Ricely, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted special, general and compensatory damages, including but not limited to lost wages, lost benefits and emotional distress, in an amount to be determined at trial;

B. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

C. That the Court grant such other and further relief as the Court may deem just or equitable.

          BY:    <u>Edward M. Fox</u>
                  Edward M. Fox
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams
                  Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

          BY:    <u>Edward M. Fox</u>
                  Edward M. Fox
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams
                  Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  efox@efox-law.com